UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JEFFREY ANTHONY BAKER,

        Plaintiff,

v.

UNKNOWN KOBEN et al.,

        Defendants.
_____/

Case No. 2:25-cv-213

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff's motion (ECF No. 2) for leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.12.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Defendants Corrections Officers Unknown Koben, Unknown Woodard, and Unknown Johnson in their personal capacities. (ECF No. 1, PageID.2.)

Plaintiff states that during the pertinent time period, he was confined in Marquette Unit at URF and that the named Defendants were working in that unit. (*Id.*, PageID.3.) Plaintiff alleges

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

that on February 18, 2025, at approximately 11:20 a.m., he was awakened during 11:00 a.m. count with an intense pressure in his bladder and an overwhelming need to urinate, which prompted him to open his cell door and ask Defendants for permission to use the bathroom. (*Id.*) Plaintiff states that Defendants Koben, Woodard, and Johnson were seated at the officers' desk and had already completed their rounds. (*Id.*) Plaintiff heard one of the Defendants yell, "No! [W]ait until count clears!" (*Id.*) Plaintiff then closed his cell door and attempted to wait until count cleared, which was normally at 11:30 a.m. (*Id.*)

At 11:35 a.m., Plaintiff states that he began to feel urine seeping out and was unable to wait any longer. (*Id.*) Plaintiff then returned to his cell door and informed Defendants that he was having an emergency, and could he please use the bathroom because he was becoming incontinent. (*Id.*, PageID.4.) Plaintiff again heard one of the Defendants yell, "Wait until count clears!" (*Id.*) Plaintiff states that Defendants did not have any reason to deny him the use of the bathroom because although it was count time, Defendants had already completed their rounds. (*Id.*)

Shortly after 11:35 a.m., count was cleared and Plaintiff struggled to get to the bathroom while "squeezing his crotch area while also attempting to walk [with] his cane." (*Id.*) Plaintiff states that each of the named Defendants was aware of his need to use a cane for walking and had witnessed him stumbling on several prior occasions. (*Id.*, PageID.4–5.) Plaintiff states that as he was attempting to rush to the bathroom, he felt a "pop" in his groin area, and the sudden rush of pain caused Plaintiff to urinate on himself. (*Id.*, PageID.5.) This prompted Plaintiff to shower and when he examined his groin area, he discovered a large knot that hurt to touch. (*Id.*)

Plaintiff subsequently went to the officers' desk and informed Defendant Johnson that he, along with Defendants Woodard and Koben, had caused him to suffer an injury to his groin and asked for permission to go to healthcare services. (*Id.*) Defendant Johnson phoned healthcare but

4

was smiling and laughing as he phoned. (*Id.*) Defendant Johnson then "handed [Plaintiff] the phone," and Plaintiff informed the nurse "how he was injured." (*Id.*) The nurse "instructed [Defendant] Johnson to send [Plaintiff] over to healthcare services." (*Id.*)

Plaintiff was seen by healthcare, who determined that Plaintiff had a hernia which had been caused by the strain that was placed on his groin when he was forced to hold his urine by "squeezing his penis" while rushing to the bathroom. (*Id.*, PageID.6.) Plaintiff alleges that his hernia would require surgical repair which would be delayed by the blood clot treatment he was undergoing. (*Id.*) Plaintiff was provided with a detail for ice to manage the swelling and was told that he would be scheduled for a follow-up examination with a doctor prior to any surgery being scheduled. (*Id.*)

On March 10, 2025, Plaintiff was seen by an offsite doctor, who informed Plaintiff that he needed surgery, but that it would be delayed at least six months due to blood clot treatment that needed to be completed prior to surgery. (*Id.*)

Plaintiff asserts that Defendants violated his rights under the Eighth Amendment and seeks damages and declaratory relief. (*Id.*, PageID.7–9.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As stated above, Plaintiff asserts that Defendants violated his rights under the Eighth Amendment when they required him to wait approximately fifteen minutes until count cleared in order to use the restroom. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)

6

(per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of

recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim.") (internal quotation omitted).

Certainly, "forcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation." *Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (dismissing inmate's claim that he was denied permission to use the restroom for three hours). However, the one-time denial of Plaintiff's request to be released from his cell prior to count being cleared in order to use the toilet is insufficient, by itself, to state a claim under the Eighth Amendment. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) (stating that "deprivations of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and unusual punishment" (citing *Stephens v. Carter Cty. Jail*, 816 F.2d 682 (6th Cir. 1987)); *LaPine v. Savoie*, No. 16-1893, 2017 WL 6764085, at *5 (6th Cir. Aug. 11, 2017) (allegation that inmate remained in soiled clothing for three hours is a temporary hardship that did not rise to the level of a constitutional violation).

Moreover, to the extent that Plaintiff asserts that Defendants Koben, Woodard, and Johnson are responsible for his hernia, Plaintiff fails to allege any facts showing that Defendants Koben,

8

Woodard, and Johnson were aware of and disregarded an excessive risk to Plaintiff's health or safety. *Farmer*, 511 U.S. at 837. The fact that Defendants Koben, Woodard, and Johnson knew that Plaintiff needed a cane to ambulate does not support a finding that they knew of a risk that Plaintiff would suffer a hernia if he was required to wait for fifteen minutes in order to use the bathroom. Because Plaintiff's allegations fail to rise to the level of an Eighth Amendment violation, his complaint is properly dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to section 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of section 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A judgment consistent with this opinion will be entered.

Dated:  October 22, 2025   /s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge

9